UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LYNETTE DECKER,

                             Plaintiff,                         **OPINION AND ORDER**

       -against-                                15 Civ. 2886 (JCM)

MIDDLETOWN WALMART SUPERCENTER
STORE #1959, WAL-MART STORES EAST, LP,
WAL-MART STORES, INC., WAL-MART
ASSOCIATES, INC.,

                             Defendants.
------------------------------------------------------------X

Plaintiff Lynette Decker commenced this diversity action against Defendants Middletown

Walmart Supercenter Store #1959 ("Middletown Store"), Wal-Mart Stores East, LP ("Wal-Mart

Stores East"), Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. to recover for personal

injuries allegedly sustained as a result of a fall at the Middletown Store on July 8, 2012. (Docket

No. 1).[1]  Before the Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure ("Motion"). (Docket No. 29).  The Complaint was filed on

April 14, 2015, (Docket No. 1), and the instant Motion was filed on August 30, 2016, (Docket

No. 29).  Plaintiff opposed the Motion on October 12, 2016, (Docket No. 33), and Defendant

replied on October 19, 2016, (Docket No. 34).[2]  For the reasons that follow, Defendant's Motion

is granted.[3]

---

[1] Defendant's Answer to the Complaint ("Compl.") indicates that Wal-Mart Stores East is sued herein as
Middletown Walmart Supercenter Store #1959, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. and Wal-Mart
Associates, Inc.. (Docket No. 7).  Defendant thus answered the Complaint and filed the instant Motion as Wal-Mart
Stores East.

[2] The parties' briefs and supporting papers are hereinafter referred to as "Def. Br.," "Pl. Br.," and "Def. Reply,"
respectively. (Docket Nos. 29-34).  All page number citations refer to the page number assigned upon electronic
filing.

[3] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and
Fed. R. Civ. P. 73. (Docket No. 14).

## I. BACKGROUND

The following facts are gathered from Defendant's statement filed pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1"),[4] (Docket No. 31), Defendant's exhibits,[5] and the pleadings submitted by the parties in support of their contentions. The facts are construed in the light most favorable to Plaintiff as the party opposing summary judgment.

On July 8, 2012, Plaintiff visited the Middletown Store with her sister, Jennifer Cornman, and her nephew, Kevin Cornman. (Compl. at 2; Def. Ex. C at 2; Decker Dep. at 16:11-13, 20-24). Plaintiff was drawn to a display of twelve-packs of Coke, and turned to her sister to point out the display. (Decker Dep. at 19:10-21). As she turned to her sister, Plaintiff fell. (*Id.*). She did not see what caused her to fall. (*Id.* at 21:23-25; 23:7-13). Plaintiff was in the store for approximately two to four minutes before she fell. (*Id.* at 19:5-9). After she got up, Plaintiff observed a clear substance on the floor. (*Id.* at 23:14-24:2; 26:23-27:17; 31:3-7). The substance reminded her of a raw egg, and was about the size of an egg that had been cracked open, but Plaintiff did not believe the substance was in fact an egg. (*Id.* at 23:14-24:2; 28:14-30:19). A small portion of the back of her shirt was wet after the fall. (*Id.* at 27:25-28:13). The substance was subsequently cleaned up with paper towels. (*Id.* at 31:18-20). Plaintiff completed a customer statement, dated July 8, 2012 at 3:11 p.m., describing her accident. (*Id.* at 33:19-35:22;

---

[4] Plaintiff did not file a Rule 56.1 counter-statement or statement of facts. Therefore, where Defendant's cited materials support the factual assertions in Defendant's Rule 56.1 statement, the Court accepts these facts as true for the purposes of this Opinion and Order. *See* Section II, *infra*.

[5] The exhibits Plaintiff filed with her opposition brief are duplicative of Defendant's exhibits. Plaintiff's Exhibit 1 is the deposition transcript of Plaintiff, which is also Defendant's Exhibit D (hereinafter, "Decker Dep."); Plaintiff's Exhibit 2 is the deposition transcript of non-party Jennifer Cornman, which is also Defendant's Exhibit F (hereinafter, "Cornman Dep."); Plaintiff's Exhibit 3 is the deposition transcript of Defendant's employee, James Campbell, which is also Defendant's Exhibit H (hereinafter, "Campbell Dep."). (Docket Nos. 30, 33).

Def. Ex. E). In her statement, Plaintiff wrote that she "was walking in and fell on the floor there was a yellow slippery substance." (Def. Ex. E). After Plaintiff's fall, she left the Middletown Store and went in her sister's car to a hospital. (Decker Dep. at 33:19-24; 36:18-25; Cornman Dep. at 20:19-22).

Plaintiff's sister entered the Middletown Store behind Plaintiff and had an unobstructed view of her prior to her fall. (Cornman Dep. at 8:20-9:24; 11:24-12:13). She saw her sister fall, but did not see anything on the floor before the fall. (*Id.* at 11:24-12:13). After the fall, Plaintiff's sister approached her and she observed a substance that was "wet" and "slimy." (*Id.* at 15:18-20). She described it as "a raw egg and the yoke [sic] and like if it sits for a little bit it gets a little bit darker yellow." (*Id.* at 14:25-15:8). For this reason, she "was thinking it was an egg." (*Id.*). She believed the substance "looked like it was sitting for a while," based on its color. (*Id.* at 13:4-8; 20:5-11). Neither Plaintiff nor her sister observed anything in the surrounding area that provided information as to the source of the substance. (*Id.* at 19:14-20:14; 21:23-22:2; Decker Dep. at 30:20-31:2). Plaintiff's sister completed a witness statement, dated July 8, 2012, that listed the time of the accident as 3:11 p.m. and stated that "[Plaintiff] was walking past register two and slipped and fell on a yellow substance which appeared to be a broken egg." (Cornman Dep. at 18:11-19:13; Def. Ex. G).

According to Defendant's employee, the accident occurred in the "front end" of the Middletown Store.[6] (Campbell Dep. at 19:18-20:2; *see also* Cornman Dep. at 22:21-24). Defendant's employees are trained on the prevention of customer accidents, such as falls, and are

---

[6] Defendant's employee was employed at the Middletown Store at the time of his deposition, but not at the time of the accident. (Campbell Dep. at 7:19-8:3). Except for his review of the customer statement, witness statement and claim report, (Def. Exs. E, G, I), the employee did not have prior knowledge of the fall. (Campbell Dep. at 10:16-11:20). The employee testified generally about the Middletown Store and storewide policies concerning maintenance and cleaning. (*Id.* at 13:21-24).

directed to "keep an eye [out]" for unsafe conditions. (*Id.* at 19:6-17, 22:6-16).  While maintenance staff is responsible for maintaining the floor throughout the whole store, the area in which Plaintiff fell is also monitored by cashiers and a customer service manager. (*Id.* at 19:6-17; 19:25-20:6; 21:9-17).  Subsequent to Plaintiff's fall, an assistant store manager prepared a written claim report. (Def. Ex. I).  The report identified the store manager at the time of Plaintiff's fall and a customer service manager who was the first to respond to the fall, described a yellow substance that was on the floor, and repeated Plaintiff's claim that she "fell on something." (*Id.*; *see also* Campbell Dep. at 12:9-18).

A surveillance video of the area where the accident occurred indicates that Plaintiff fell at 3:02:41 p.m. (Def. Ex. J).  In the minutes leading up to the fall, the footage reveals that four other individuals walked through the same area without incident. (*Id.*).  At 3:01:40 p.m., a man and a woman walked through the area; at 3:02:02 p.m., a third individual walked through the area; and, at 3:02:15 p.m., a fourth individual walked through the area. (*Id.*).  Twenty-six seconds later, at 3:02:41 p.m., Plaintiff walked through the area and fell. (*Id.*).  At 3:02:56 p.m., fifteen seconds after her fall, Plaintiff was up from the ground.[7] (*Id.*).  At 3:04:29 p.m., Defendant's employees cleaned the substance from the floor with paper towels. (*Id.*).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).  The Court must grant summary judgment "if the movant shows that

---

[7] Plaintiff testified that when she first tried to get up from the ground, her sister instructed her to "sit down" or "stay here" while she went for help, and that Plaintiff then "sat down." (Decker Dep. 26:16-22).  Her sister's testimony is similar. (Cornman Dep. at 25:5-15).  However, the surveillance video indicates that Plaintiff was standing up fifteen seconds after her fall, before Plaintiff's sister returned or any of Defendant's employees arrived. (Def. Ex. J).  Later, after Plaintiff's sister had returned and Defendant's employees had arrived, Plaintiff sat down on a chair. (*Id.*).

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted); *see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583 (LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012) (citation omitted).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51 (2000) (citations omitted). That said, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* "The non-moving party 'is required to go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249-50), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish the existence of an essential element of the case on which

it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

In the Southern District of New York, parties moving for and opposing summary judgment motions must also submit short and concise statements of facts, supported by evidence that would be admissible at trial. Local Civ. R. 56.1. The opposing party must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."). However, "uncontested fact[s] cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement"—in the absence of citations or "where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (quotation marks and citations omitted). The Court therefore has discretion "to conduct an assiduous review of the record even where one of the parties has failed to file such a statement." *Holtz*, 258 F.3d at 73 (quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c)(3). Nevertheless, the Court is "not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (quotation marks and citations omitted).

## III. DISCUSSION

### A. Burden of Proof for Summary Judgment

New York law governs the substantive slip and fall claim.[8] However, federal law applies to procedural aspects of the claim. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). As Defendant

---

[8] Because jurisdiction over this matter is based upon the parties' diversity of citizenship, and because the alleged acts occurred in New York, the parties agree that New York law governs the substantive claims. (Def. Br. at 4

correctly argues, the moving party's burden of proof on a summary judgment motion is procedural, and is therefore governed by federal law. *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02 CIV. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("We find that the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law.") (citing *Celotex*, 477 U.S. 317); *see also Hughes v. United States*, No. 12 CIV. 5109 CM, 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (applying the federal burden of proof standard on a motion for summary judgment, explaining that "[e]ven though the substantive claims are governed under New York law, the procedural issues are determined under the federal standard."); *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 396 (E.D.N.Y. 2010) ("[T]he respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive, and are thus subject to federal rather than state law.").

The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law on a slip-and-fall action. *See, e.g., Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *4-5 (S.D.N.Y. Jan. 15, 2016). "Under New York law, '[a] defendant who moves for summary judgment in a [sl]ip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.'" *Vasquez*, 2016 WL 315879, at *4 (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)). Conversely, under federal

---

(citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); Pl. Br. at 6 (citing *Winston v. Marriott Intern., Inc.*, No. 03-CV-6321 (ARR) (JO), 2006 WL 1229111, at *7 (E.D.N.Y. May 8, 2006)).

law, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (quoting *Zeak v. United States*, No. 11 CIV. 4253 KPF, 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014)) (citing *Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (applying New York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim."); *Hughes*, 2014 WL 929837, at *4).[9] Therefore, because the burden of proof on a motion for summary judgment is procedural and federal law applies, Defendant may meet its burden by "'showing— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case,'" but need not "raise a prima facie case." *Hughes*, 2014 WL 929837, at *4 (quoting *Celotex*, 477 U.S. at 325). If Defendant meets that burden, the burden then shifts to Plaintiff to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial.[10] *Celotex*, 477 U.S. at 322-24; *Holcomb*, 521 F.3d at 137.

---

[9] *See also Tenay*, 281 F. App'x at 12-13 (affirming district court's grant of summary judgment and noting that, although under New York law the moving party bears the initial burden of proof, under federal law "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions," and that therefore, where the non-movant bears the burden of proof at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (quotation marks and citations omitted); *Cruz v. Target Corp.*, No. 13 CIV. 4662 NRB, 2014 WL 7177908, at *3 (S.D.N.Y. Dec. 17, 2014) ("In federal court, it is the plaintiff who, as the nonmoving party, bears the burden of showing a genuine dispute of material fact, even though a New York state court would require the *defendant* to produce affirmative evidence on the key issue of whether the defendant had adequate notice of the spill.").

[10] Plaintiff does not address which burden of proof, federal or state, applies. Rather, after correctly identifying the federal standard on a motion for summary judgment, Plaintiff proceeds to make all of her arguments under the New York standard, without setting forth any arguments for why the New York standard should apply. (*Compare* Pl. Br. at 6 ("The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. . . . If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with 'specific facts showing that there is a genuine issue for trial.'" (citations omitted)), *with id.* at 5 ("It is Defendants' burden to establish, *prima facie*, that they did not create the condition causing Plaintiff's fall, and did not have actual or constructive notice of it for a sufficient length of time to remedy it. Plaintiff respectfully submits that defendants have failed to meet this burden.")).

**B. Premises Liability**

In New York, "[t]o establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon by Solomon v. City of N.Y.*, 66 N.Y.2d 1026, 1027 (1985) (citations omitted). To make out a premises liability case, specifically, a plaintiff must first show "the existence of a dangerous or defective condition." *Vasquez*, 2016 WL 315879, at *4 (internal quotation marks omitted) (citing *Winder v. Exec. Cleaning Servs., LLC*, 936 N.Y.S.2d 687, 687 (2d Dep't 2012)). Next, "[t]o succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate 'that the [defendant] either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it.'" *Tenay*, 281 F. App'x at 13. (quoting *Baez v. Jovin III, LLC*, 839 N.Y.S.2d 201, 202 (2d Dep't 2007)). Under New York law, Plaintiff bears the burden of proof on the elements of her premises liability claim at trial. *Id.*

Here, Plaintiff claims either that Defendant created the dangerous condition, or had actual and constructive notice of the condition, (Compl. at 2; Def. Ex. C. ¶¶ 6, 7; Pl. Br. at 9), or that issues of fact exist as to whether Defendant created or had actual or constructive notice of the condition, (Pl. Br. at 4-5, 9). Defendant argues that Plaintiff has offered no evidence that Defendant created or had actual notice of the condition, and that Plaintiff has failed to raise a genuine dispute as to a material fact regarding constructive notice. (Def. Br. at 5-11; Def. Reply Br. at 5-8).

1. **Existence of a Dangerous Condition**

Defendant does not dispute that there is evidence of a substance on the ground at the Middletown Store. (Def. Br. at 5). Indeed, the evidence suggests that there was. For example, Defendant's claim report indicates that there was a yellow substance on a ceramic floor. (Def. Ex. I). Further, although the substance itself is not visible in the surveillance video, the video depicts Defendant's employees cleaning the floor with paper towels. (Def. Ex. J). Finally, both Plaintiff and her sister testified that after Plaintiff's fall they observed a substance on the ground. (Decker Dep. 23:14-24:2; 26:23-27:17; 31:3-7; Cornman Dep. at 13:4-8; 15:18-20). This is sufficient evidence, at the summary judgment stage, to establish that the substance was on the floor. *See Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335JMA, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009) ("[P]laintiff's testimony that she saw a puddle immediately after her fall is enough, at the summary judgment stage, to establish that a hazard existed.").

2. **Creation of a Dangerous Condition**

"To establish that a defendant created a dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the defendant." *Vasquez*, 2016 WL 315879, at *7 (citing *Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y.2014); *Gonzalez v. Wal–Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y.2004)). Although circumstantial evidence "may be sufficient to defeat a motion for summary judgment" if it creates an inference that Defendant created the condition through affirmative acts, "'[a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard.'" *Id.* (quoting *Cousin*, 2009 WL 1955555, at *6)).

Here, there is no evidence that Defendant created the condition, and Plaintiff has not pointed to any circumstantial evidence that would create an inference that Defendant created the

condition. "Absent such evidence, Plaintiff[] cannot prove that Defendant created the spill, and summary judgment on that issue is warranted." *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924 (PKC) (VMS), 2016 WL 3448578, at *4 (E.D.N.Y. June 17, 2016) (granting summary judgment where, *inter alia*, plaintiffs failed to identify any evidence that defendant created the spill); *see also Cousin*, 2009 WL 1955555, at *7 (granting summary judgment where no evidence supported an inference that defendant created the spill and noting that "New York courts routinely grant summary judgment in favor of defendants in such circumstances."); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 330 (E.D.N.Y. 1998) ("The intervening act of spilling [the substance] creates the condition and it is not attributable to the defendant absent either spil[l]age by the defendants' employees or conduct on the defendants' part which demonstrably increases the risk of creating the condition.").

### 3. Actual Notice of a Dangerous Condition

Because there is no evidence that Defendant created the condition, Plaintiff must demonstrate either actual or constructive notice to establish her claim. *Quarles*, 997 F. Supp. at 332. "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall." *Cousin*, 2009 WL 1955555, at *7 (citing *Torri v. Big v. of Kingston, Inc.,* 537 N.Y.S.2d 629, 630-31 (3d Dep't 1989)); *see also Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.") (citing *Matcovsky v. Days Hotel*, 782 N.Y.S. 2d 64, 65 (1st Dep't 2004)).

First, as discussed above, there is no evidence that Defendant created the condition. Second, Plaintiff has not offered any evidence that Defendant was aware of the condition. For

example, Plaintiff does not suggest, and there is no indication in the evidence, that Defendant's employees had observed the substance on the ground prior to Plaintiff's fall. Nor does Plaintiff point to any evidence that Defendant had received reports of the condition. In fact, the surveillance video shows that four individuals walked past the area where Plaintiff fell without any indication that they noticed the substance on the ground. (Def. Ex. J). Because there is no evidence that Defendant had actual notice of the substance on the ground, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding actual notice. *See Castellanos v. Target Dep't Stores, Inc.*, No. 12 CIV. 2775 GWG, 2013 WL 4017166, at \*4 (S.D.N.Y. Aug. 7, 2013) (finding no issue of fact regarding actual notice where surveillance video showed employees walking through the area in which plaintiff fell, without any indication that they noticed the condition, and where there was no evidence of customer reports about the condition).

Plaintiff baldly states that a material issue of fact exists as to whether Defendant had actual notice of the condition. However, Plaintiff's conclusory statement that "material issues of fact exist as to whether Defendant[] had actual . . . notice," without elaborating on or providing evidence in support of this argument, is not enough. (Pl. Br. at 5). Plaintiff's mere reference to a triable issue of fact is insufficient at the summary judgment stage. *Strass*, 2016 WL 3448578, at \*4 ("Aside from conclusory references to 'actual notice,' Plaintiffs do not identify any evidence that would support a finding that [Defendant] was, in fact, aware of the condition that allegedly caused [Plaintiff's] fall, and the Court's review of the record reveals none.").

### 4. Constructive Notice of a Dangerous Condition

Plaintiff has failed to show that Defendant either created or had actual notice of the condition, and therefore the only remaining issue is whether the record contains evidence that

Defendant had constructive notice of the condition. "To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)) (alteration in original). While Defendant argues that Plaintiff cannot raise a genuine issue of material fact regarding constructive notice, Plaintiff contends that a material issue of fact exists. (Def. Br. at 7-11, Pl. Br. at 5, 9, Def. Reply 5-9).

**i. Visible and Apparent**

Plaintiff has failed to identify any evidence that the condition was visible and apparent, and the evidence indicates that it was not. First, the surveillance video of the area where Plaintiff fell does not show any substance on the ground. (Def. Ex. J). Second, the video shows that four individuals walked through the same area mere seconds before Plaintiff fell without slipping, stopping or seeming to notice the alleged substance on the ground. (Def. Ex. J). Finally, both Plaintiff and her sister testified that they did not see the substance on the ground until after Plaintiff's fall. (Decker Dep. at 23:14-19; 26:23-27:17; Cornman Dep. at 12:24-13:8; 15:18-20). The Court therefore finds that there is no genuine issue of material fact as to whether the substance was visible and apparent. *See Vasquez*, 2016 WL 315879, at *8 (granting summary judgment on issue of constructive notice where "no dangerous condition or defect is apparent in the photographs," where Defendant's employees "testified that they never noticed any such hazard . . .," and where "Plaintiff points to no evidence contradicting this testimony or otherwise demonstrating that the allegedly dangerous condition was visible or apparent."); *Castellanos*, 2013 WL 4017166, at *6 (finding plaintiff presented no evidence that dangerous condition was visible and apparent where both plaintiff and her fiancé testified that they did not see the

condition until after plaintiff's fall, where no other witness saw the condition, and where surveillance video showed customers and employees walking through the area where plaintiff fell without incident or seeming to notice the condition on the ground).

Plaintiff argues that her testimony that she did not notice the condition until after she fell does not entitle Defendant to summary judgment on the issue of whether the substance was visible and apparent. (Pl. Br. at 9). Plaintiff cites to *Rivera v. Tops Markets, LLC* to support this point. 4 N.Y.S.3d 431 (4th Dep't 2015) (affirming denial of summary judgment based on New York procedural burden of proof). In *Rivera*, the court noted that a plaintiff's deposition testimony that she did not notice water on the ground prior to her fall did not entitle the defendant to summary judgment on the issue of whether the condition was visible and apparent. *Id.* At 432. However, the *Rivera* court did not rely on this point alone in finding a genuine issue of material fact, but also found that testimony from defendant's employee that she had observed water on the floor near where plaintiff fell and that a person walking through the area would have a difficult time seeing the water on the ground, raised a triable issue of fact. *Id.* ("[D]efendant's own submissions raise issues of fact whether the wet floor was visible and apparent . . . .") (quotation marks and citation omitted).

Furthermore, other courts have found insufficient evidence to raise a triable issue of fact regarding whether a condition was visible and apparent where a plaintiff did not see the condition prior to a fall, or offer evidence that others saw the condition prior to the fall. *See, e.g.,* *Cousin*, 2009 WL 1955555, at *8 ("Additionally no one, including plaintiff, saw the puddle before the plaintiff fell . . ."); *Cobb v. Indus Ltd. P'ship*, No. 98-CV-3549 (JG), 1999 WL 115441, at *3 (E.D.N.Y. Jan. 11, 1999) (finding no constructive notice where plaintiff did not notice the puddle before her fall and offered no evidence that, *inter alia*, someone saw the puddle

before her fall); *Walker v. United States*, No. 95 CIV. 6567 (AGS), 1998 WL 299928, at *2 (S.D.N.Y. June 8, 1998) (granting summary judgment where, *inter alia*, "plaintiff herself concedes that she did not see anything on the floor before she slipped."); *Torri*, 537 N.Y.S.2d at 630 (affirming summary judgment and finding no constructive notice where, *inter alia*, plaintiff did not observe a substance on the floor until after she fell).

Finally and most importantly, as explained above, the Court is not relying solely on Plaintiff's testimony that she did not observe the substance until after the fall. Rather, the Court relies on additional evidence, including Plaintiff's sister's testimony and the surveillance video, to support the finding that Plaintiff has failed to raise a triable issue of fact regarding whether the substance was visible and apparent.

### ii. Length of Time

"Assuming *arguendo* that the [substance] was 'visible and apparent,' there is no evidence as to when the [substance] was spilled on the floor, and plaintiff's failure to offer such evidence is fatal to her claim of constructive notice." *Quarles*, 997 F. Supp. at 332. The only evidence Plaintiff offers in support of her claim that the substance was on the ground for a sufficient period of time to constitute constructive notice is Plaintiff's sister's testimony. She described the substance as a "smeared egg, dark yoke [sic] . . . [l]ike it was sitting there for a while," and, regarding the color of the substance, observed that it looked to her like "a raw egg and the yoke [sic] and like if it sits for a little bit it gets a little bit darker yellow." (Pl. Br. at 10). This evidence is insufficient to create a genuine issue of material fact regarding how long the substance had been on the floor.

First, neither Plaintiff nor her sister was sure that the substance was an egg, and Plaintiff has not offered any evidence that it was in fact an egg. (Decker Dep. at 23:20-24:2 ("It reminded

me of an egg, but I won't say it's an egg because I didn't see any eggshells. . . . What exactly it was, I could not know."); Cornman Dep. at 14:25-15:8; 19:19-21 (based on the color of the alleged yolk, Plaintiff's sister "was thinking it was an egg," but did not observe any eggshells)). This speculation is insufficient to establish a genuine issue of material fact. *See Castellanos*, 2013 WL 4017166, at *5 ("summary judgment in favor of the defendant is appropriate where the plaintiff offers nothing but mere speculation that the defendant had notice of the condition.") (collecting cases).

Next, both Plaintiff and her sister described the substance as "wet," "slimy" or "gooey." (Decker Dep. at 28:21-29:4 (describing the substance as "[k]ind of like slimy" and "gooey"); Cornman Dep. at 15:18-20 (describing the substance as "still wet" and "slimy"). This testimony is insufficient to establish a genuine issue of material fact regarding the length of time the substance was on the ground. *Nolasco v. Target Corp.*, 10-CV-3351(ARR), 2012 U.S. Dist. LEXIS 191275, at *6-7 (E.D.N.Y. Nov. 13, 2012) ("Plaintiff and her daughter testified that the spilled detergent appeared to be 'thick' . . . and 'cloudy,' . . . possibly implying that the liquid acquired these characteristics only after sufficient time had elapsed for it to have somewhat dried. However, the detergent may well have been inherently thick and cloudy. . . . Moreover, plaintiff's daughter plainly testified that the liquid appeared to be wet . . . which undermines any inference that the liquid had been left to dry for an appreciable period of time.") (citing *Baxter v. Jackson Terrace Assocs., LLC*, 842 N.Y.S.2d 78, 79 (2d Dep't 2007) (finding plaintiff failed to raise a triable issue of fact and "offered no evidence concerning how long the alleged hazard existed prior to the accident" despite plaintiff's testimony that the substance was "sticky and gooey"); *Dixon v. Lichtman*, 742 N.Y.S.2d 906, 907 (2d Dep't 2002) ("We reject the plaintiff's

16

contention that her description of the spill as 'dry, gluey' and as changing color, raised an issue of fact regarding constructive notice.")).

Finally, even if Plaintiff had enough evidence to prove that the unidentified substance was in fact an egg, the description of the egg's color is insufficient to support a finding that it had been on the ground for a sufficient length of time such that Defendant had constructive notice of the condition. *See, e.g., Lacey v. Target Corp.*, No. 13 CV 4098(RML), 2015 WL 2254968, at *4 (E.D.N.Y. May 13, 2015) (testimony that apple pieces plaintiff slipped on were brown and therefore oxidized did "not raise a material question of fact as to the length of time the apple was on the floor, as it could have been brown and oxidized before it fell on the floor . . ."); *DeLotch v. Wal-Mart Stores*, 06 Civ. 5483 (GEL), 2008 U.S. Dist. LEXIS 47590, at *9 (S.D.N.Y. June 16, 2008) ("the simple fact that the banana was brown and smashed does not establish constructive notice. . . . a reasonable juror could not determine on this evidence that the banana had been on the floor for any specific length of time before [plaintiff] slipped on it.") (citing *Faricelli v. TSS Seedman's Inc.*, 94 N.Y.2d 772, 774 (1999) (holding there was "no evidence . . . that [the banana peel] had been on the floor long enough prior to the accident that notice might be inferred" and that "[t]he simple fact that the peel was blackened did not establish constructive notice.")); *see also Dixon*, 742 N.Y.S.2d at 907 ("We reject the plaintiff's contention that her description of the spill [allegedly of soap]. . . as changing color, raised an issue of fact regarding constructive notice.").

Based on the above analysis, "a verdict in plaintiff's favor, based solely on this record, would constitute speculation, rather than a finding of fact." *Lacey*, 2015 WL 2254968, at *5. Therefore, Plaintiff has failed to raise a genuine issue of material fact regarding the length of time the substance was on the ground, and summary judgment is warranted.

Plaintiff contends that the instant case is similar to *Torres v. United States*, No. 09 Civ. 5092 RLE, 2010 WL 5422547 (S.D.N.Y. Dec. 23, 2010), and that her case should survive summary judgment because she does not rely solely on her own description of the substance, but also on her sister's testimony. (Pl. Br. at 10); *see also Torres*, 2010 WL 5422547 at *6 ("Unlike the plaintiffs in [other cases], [plaintiff] produced supplementary evidence to supplement her own description of the substance."). First, Plaintiff does not offer any of her own testimony that describes the substance in such a way that a fact-finder could infer it had been on the ground for a sufficient period of time to constitute constructive notice. She cites only her testimony describing the substance as "a clear substance that reminded me of an egg." (Pl. Br. at 10). Rather, Plaintiff relies on her sister's testimony regarding the color of the substance, that it reminded her of a "smeared egg, dark yoke [sic] . . . [l]ike it was sitting there for a while," and that it "looked like" "if [an egg] sits for a little bit it gets a little bit darker yellow." (Pl. Br. at 10). Therefore, Plaintiff's sister's testimony is not really supplementary evidence, but the only evidence Plaintiff offers in attempt to raise an issue of triable fact regarding the length of time the substance was on the ground.[11] Furthermore, the "supplementary evidence" in *Torres* was not deposition testimony describing the substance, but was evidence that Defendant failed to fulfill its duty to inspect the premises. *Torres*, 2010 WL 5422547, at *6.

Plaintiff also relies on *Torres* to argue that her case should survive summary judgment because Defendant did not provide evidence of the last time the area was cleaned. (Pl. Br. at 10). This argument will be discussed generally in Section III(B)(5), *infra*. However, it is worth distinguishing the instant case from *Torres*: in *Torres*, there was evidence that Defendant had not

---

[11] Even if Plaintiff's testimony and her sister's testimony both described the substance as an egg with a dark yolk, that is still insufficient to raise a genuine issue of material fact regarding how long the substance had been on the ground. *See Nolasco*, 2012 U.S. Dist. LEXIS 191275, at *6, 11 (both Plaintiff and her daughter testified regarding the consistency of the substance, but the court found no triable fact regarding constructive notice).

conducted its regular, required inspections of the area where the accident occurred. 2010 WL 5422547, at *4, 6. By contrast, Plaintiff has not pointed to any evidence that Defendant failed to inspect or clean the premises, but instead incorrectly places the burden on Defendant to produce affirmative evidence of its inspection and cleaning records.

## 5. Duty to Inspect

Plaintiff argues that summary judgment should not be granted because Defendant "offers no proof of the last time the area was inspected or cleaned." (Pl. Br. at 5, 10). However, as discussed in Section III(A), *supra*, Plaintiff's argument is based on the state burden of proof on a motion for summary judgment. Because the federal burden of proof applies, Defendant was not required to produce evidence of the last time the area was inspected or cleaned, but need only point to Plaintiff's lack of evidence and inability to raise a genuine issue of material fact on the elements of her claim. *See Vasquez*, 2016 WL 315879, at *8 ("Defendant need not offer any evidence showing that its cleaning and inspection practices would have revealed the existence of a dangerous condition, but must only demonstrate that Plaintiff lacks affirmative proof sufficient to establish a genuine issue of fact with respect to the element of notice."); *Castellanos*, 2013 WL 4017166, at *7 (finding that although under New York law defendant arguing lack of notice must present evidence that it did not create or have notice of the condition, because a party's burden of proof on a summary judgment motion is procedural and federal law applies, defendant's "failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition."); *see also Lacey*, 2015 WL 2254968, at *6 ("[E]ven assuming a reasonable inspection had not taken place, plaintiff has not shown that a reasonable inspection would have discovered the condition, as she

cannot establish the length of time that the condition was there to be discovered."). The Court, therefore, finds that Plaintiff's argument that summary judgment should be denied because Defendant offered no proof of prior inspections or cleanings is without merit.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety. The Clerk is respectfully requested to terminate the pending motion (Docket No. 29) and close the case.

Dated:    February 10, 2017
           White Plains, New York

**SO ORDERED:**

_Judith C. McCarthy_
JUDITH C. McCARTHY
United States Magistrate Judge